994 So.2d 385 (2008)
Bernard TAYLOR, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-1895.
District Court of Appeal of Florida, Third District.
October 15, 2008.
Bernard Taylor, in proper person.
Bill McCollum, Attorney General, for appellee.
Before SUAREZ, ROTHENBERG, and LAGOA, JJ.
LAGOA, J.
Appellant, Bernard Taylor ("Taylor"), appeals from the trial court's order denying his postconviction motion filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. For the following reasons, we affirm the trial court's order.
In his Rule 3.850 motion, Taylor sought to vacate, set aside or correct his sentence on the ground that he was not advised during his plea colloquy that the plea "could subject him to enhanced sentences in future convictions." Taylor contends that as a result of his guilty plea in state court he was labeled a career offender, and subjected to an enhanced sentence in federal court. The trial court denied Taylor's motion and this appeal followed.
In support of the relief he seeks, Taylor relies on State v. Green, 944 So.2d 208 (Fla.2006), and its progeny. Green, however, does not support Taylor's position. The law is clear that "neither the trial court nor counsel has a duty to advise a defendant that the defendant's plea in a pending case may have sentence enhancing consequences on a sentence imposed for a crime committed in the future." Major v. *386 State, 814 So.2d 424, 431 (Fla.2002). Because Taylor's claim is legally invalid, we affirm the trial court's summary denial of the motion.
Affirmed.